IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| WARREN BOEGE and LAURA BOEGE, | ) | CIVIL NO. 10-00565 LEK-KSC |
|---|---|---|
| Plaintiffs, | ) | |
| vs. | ) | |
| BRIGADIER GENERAL GALLAGHER and TRIPLER ARMY MEDICAL CENTER, | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS**

Before the Court is Defendant United States of America's ("United States") Motion to Dismiss of Defendant United States ("Motion"), filed on April 25, 2011. [Dkt. no. 18.] Pro se Plaintiff Laura N. Boege, personally and as personal representative on behalf of the Estate of Warren R. Boege ("Plaintiff"), did not file a memorandum in opposition to the Motion. This matter came on for hearing on July 5, 2011. Appearing on behalf of the United States was Assistant United States Attorney Thomas Helper. Plaintiff appeared by phone. After careful consideration of the Motion, the parties' arguments at the hearing, and the relevant legal authority, the United States' Motion is HEREBY GRANTED for the reasons set forth below.

**DISCUSSION**

On September 27, 2010, pro se Plaintiff filed a Federal Tort Claims Act ("FTCA") claim against Tripler Army Medical Center ("TAMC"), the Department of Veteran Affairs Pacific Islands Health Care System, and the Veteran Affairs Medical Centers at Togus, Maine, Salisbury, North Carolina, and Durham, North Carolina with the Department of Veteran Affairs. [Motion, Decl. of Miles Miyamoto ("Miyamoto Decl."), (dkt. no. 18-2), at ¶ 2; Miyamoto Decl., Exh. A (dkt. no. 18-3) (letter dated 3/18/11 to Plaintiff from Suzanne Will, Regional Counsel, Department of Veterans Affairs) ("VA Letter") at 1.] On September 29, 2010, Plaintiff filed an FTCA claim form as her complaint in the instant case naming the United States, TAMC, and Brigadier General Gallagher as defendants. On February 9, 2011, Plaintiff filed an amended complaint listing the United States as the sole defendant. [Dkt. no. 10.] On March 18, 2011, the Department of Veteran Affairs denied plaintiff's administrative FTCA claim. [VA Letter at 1.] The instant case and the administrative claim are based on the same cause of action: medical negligence resulting in the death of Warren R. Boege. [Amended Complaint at 1; VA Letter at 1.]

On June 22, 2011, this Court issued its Inclination Regarding Motion to Dismiss of Defendant United States ("Inclination"), [dkt. no. 21,] informing the parties that it was

inclined to grant the Motion and dismiss the amended complaint without prejudice. [Inclination at 2.] The Court ordered the parties to file statements stating whether or not they objected to its Inclination and identifying the grounds for any such objections. [Id.] The Court also informed the parties that it was treating the original complaint, filed September 29, 2010, as non-existent. [Id. (citing Rhodes v. Robinson, 621 F.3d 1002, 1005 (9th Cir. 2010)).]

On June 23, 2011, the United States filed its statement in response to the Inclination stating that it agreed with the Inclination. [Dkt. no. 23.] Plaintiff did not file a response.

The FTCA bars actions based upon claims "against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment" from being filed in federal courts before either: (1) an administrative agency denies the claim in writing; or (2) six months elapse from the time the claim is filed with the agency. 28 U.S.C. § 2675(a); see also McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Insofar as the exhaustion of administrative remedies under the FTCA is a jurisdictional requirement, a plaintiff cannot cure the premature

filing of an FTCA complaint simply by filing an amended complaint.  See, e.g., Hurt v. Smith, No. 1:09-cv-00698-MJS (PC), 2011 WL 43474, at *3 (E.D. Cal. Jan. 6, 2011) ("Plaintiff must commence a new suit in order for the Court to have subject matter jurisdiction over his FTCA claims against the United States."); Estate of Przysiecki ex rel. Przysiecki v. Eifert, No. 07cv0039 WQH (RBB), 2007 WL 3306074, at *2 (S.D. Cal. Nov. 2, 2007) ("As a general rule, a premature complaint cannot be cured through amendment, but instead the claimant must file a new suit." (citations and footnote omitted)).  Once an administrative agency denies a claim, the claimant "may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification."  28 C.F.R. § 14.9.

In the instant case, Plaintiff violated § 2675(a) by filing her claim in this district court before either the Department of Veteran Affairs denied her claim on March 18, 2011, or six months elapsed from September 27, 2010, the date Plaintiff filed her administrative claim.  Accordingly, the Court DISMISSES Plaintiff's amended complaint WITHOUT PREJUDICE.  Pursuant to § 14.9, Plaintiff has "6 months after the date of mailing of the notification" the from Department of Veteran Affairs to refile her suit in an appropriate federal court.

As a final matter, the Court informs Plaintiff that "courts have routinely adhered to the general rule prohibiting

*pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th Cir. 2008) (citations and footnote omitted); accord Moore v. Nat'l City Mortg. Co., Cv. No. 09-00461 DAE-KSC, 2010 WL 2176456, at *5 (May 25, 2010) (citations omitted) ("An attorney must represent a personal representative before the court where an estate has multiple beneficiaries and creditors."). If Plaintiff refiles this suit in her capacity as personal representative of the Estate of Warren R. Boege, and said estate has multiple beneficiaries and creditors, she must retain an attorney to represent her in her capacity as personal representative.

## **CONCLUSION**

On the basis of the foregoing, the United States' Motion to Dismiss of Defendant United States, filed on April 25, 2011, is HEREBY GRANTED, and Plaintiff's amended complaint, filed February 9, 2011, is DISMISSED WITHOUT PREJUDICE as to the filing of a new action. The Clerk of Court is directed to close the instant case.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 11, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**WARREN BOEGE, ET AL. V. BRIGADIER GENERAL GALLAGHER, ET AL; CIVIL NO. 10-00565 LEK-KSC; ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS**